UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
STANLEY FREDERIQUE, LUCKELSON             CV-11-1746 (SIL)
FREDERIQUE, ELINE FREDERIQUE,
and PAUL FREDERIQUE,

                        Plaintiffs,

       -  against   -

COUNTY OF NASSAU, POLICE OFFICER
HECTOR ROSARIO and POLICE OFFICER
JASON SCHOLL, in their individual and
official capacities,

                        Defendants.
-------------------------------------------------------X

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

        In addition to the Court's standard jury instructions addressed to the role of the court and jury, court testimony, exhibits, credibility, controlling law for Section 1983 litigation (color of state law, deprivation of rights, proximate cause) with respect to excessive force, failure to train, and damages, defendants respectfully request that the Court instruct the jurors on the law including the following requests to charge pursuant to Rule 51 of the Federal Rules of Civil Procedure.

## OVERVIEW OF CASE

        Plaintiffs Stanley Frederique, Luckelson Frederique, Eline Frederique and Paul Frederique allege that defendants, Nassau County, Nassau County Detective Hector Rosario and Nassau County Police Officer Jason Scholl (collectively, the "defendants"), are liable for violations of federal law under 42 U.S.C. § 1983, for violation of the Fourth Amendment and excessive force, and under the New York State law of trespass.

## MULTIPLE PLAINTIFFS/DEFENDANTS

You must give separate consideration to each claim and each party in this case.  Although there are three defendants – the County of Nassau, Hector Rosario and Jason Scholl – it does not follow that if one is liable, any of the others is also liable.  Similarly, although there are four plaintiffs – Stanley Frederique, Luckelson Frederique, Eline Frederique and Paul Frederique – it does not follow that if you find in favor of one plaintiff, or on one of a plaintiff's particular claim, that all plaintiffs are entitled to judgment on all of their claims.

## BURDEN OF PROOF

This is a civil action, and not a criminal action.

The burden is on the plaintiffs in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. A preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true. In other words, to "establish by a preponderance of the evidence" means to prove that something is more likely so than not. This rule does not, of course, require proof to an absolute certainty since absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## <u>CREDIBILITY</u>

In deciding what the facts are in this case, you must consider all the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to believe. You are the sole judges of credibility and may choose to disbelieve all or part of any witness' testimony. In making the decision as to where the truth lies, you may take into account any number of factors, including the following:

**FIRST:** The witness' opportunity to see, hear and know about the events that he or she described;

**SECOND:** The witness' ability to recall and describe those events;

**THIRD:** The witness' manner in testifying;

**FOURTH:** The reasonableness of the witness' testimony in light of all the other evidence in the case;

**FIFTH:** Whether the witness had any bias or prejudice concerning any party, person or matter involved in the case;

**SIXTH:** Whether the witness is an "interested witness." A witness is an "interested witness" if he or he has an interest in the outcome of the case. By way of example, a party to this action is an interested witness. However, the fact that a witness is an interested witness does not necessarily make him or her less believable than a witness who is not interested. It is for you to determine from the behavior of such a witness while he or she testified, and from your general experience in

3

judging people, whether or not the testimony has been shaded or colored by interest in the outcome of the case, either intentionally or unintentionally.

**SEVENTH:**   You may also consider whether a witness' testimony was contradicted by his or her own testimony during the trial, or by what the witness said or did on a prior occasion, or by the testimony of other witnesses, or by some other evidence in the record.  In addition, in assessing a witness' credibility or believability, you may also consider what the witness may have indicated in a prior written or oral statement, or during the course of his or her testimony at a deposition prior to this trial.  However, in deciding whether or not to believe a witness, you should bear in mind that people sometimes forget things or become nervous while testifying. An inconsistency or contradiction may be due to an innocent mistake, or due to an intentional falsehood. Consider, therefore, whether it has to do with an important fact or a small detail. Also bear in mind that two people witnessing a single event may observe it differently and remember it differently.

With respect to a prior inconsistent statement of a witness, you are instructed that an inconsistency may be utilized by you solely for the purpose of determining the credibility of that witness, subject to the following exception: if the inconsistency appears in a pre-trial deposition (which, of course, would have been taken under oath and subject to cross examination), then such inconsistent statement may <u>also</u> be considered, to the extent you deem appropriate, as "substantive evidence" – in other words, for the truth of the matters asserted in the earlier statement.

If you find that any witness, including a party, has willfully testified falsely as to any material fact, in whole or in part, you may disregard not only that particular statement, but you may also, if you find it appropriate, disregard all of his or her testimony as not being worthy of belief.

## DEFENDANTS' STATE OF MIND UNDER SECTION § 1983

I instruct you that, to establish a claim under Section 1983, the plaintiffs must show that the defendants acted intentionally or recklessly. If you determine that the acts of the defendants were merely negligent, then, even if you find that the plaintiffs were injured as a result of those cts, you must return a verdict for the defendants.

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason.

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the defendants acted intentionally, recklessly or negligently, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

## 42 U.S.C. § 1983 LIABILITY

Plaintiff's claims are brought under a federal civil rights law, 42 U.S.C § 1983. This law provides a remedy for persons who have been deprived of their federal constitutional and statutory rights under color of state law. Section 1983 provides in part that:

> Every person who, under color of state law, subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any of the rights, privileges, or immunities secured by the United States Constitution and federal laws, shall be liable to the party injured for damages. [1]

---

[1] NY PJI 3:60

Section 1983 creates a remedy for violations of constitutional and federal rights. The law was passed by Congress to enforce the Fourteenth Amendment of the Constitution, which provides that no state shall deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws. In addition, the Fourth Amendment provides that no state shall subject any person to unreasonable searches or seizures.

To establish a claim under Section 1983, plaintiffs must prove by a preponderance of the evidence, the following three elements: first, that the conduct of the defendants was under color of state law; second, that this conduct deprived plaintiffs of a right protected by the Constitution of the United States; and, third, the conduct of the individual defendants caused the injuries and damages claimed by plaintiffs.[2]

I will explain each of these elements to you.

First, there is no dispute in this case that, at all relevant times, the individual defendants, Hector Rosario and Jason Scholl, as representatives of the County of Nassau, were all acting under color of state law. That is to say, the first element of the claim is not in dispute since the defendants all admit that they were acting under color of state law regarding the claims in issue.

The second element requires that plaintiffs prove that the defendants' conduct deprived plaintiffs of a federal right. In this instance, plaintiffs Stanley and Luckelson Frederique claim that they were deprived of the right of to be free from unreasonable seizure, and Paul and Eline Frederique claim that certain members of the Nassau County Police Department, who are not defendants in this case, committed trespass into their house.

---

[2] NY PJI 3:60

6

I will address the third element of a § 1983 claim after I provide you information about plaintiffs' specific allegations.

In this case, first, plaintiff Stanley Frederique claims that Officer Scholl used excessive force while Stanley was being arrested, or that Officer Scholl saw other officers use excessive force in arresting Stanley, and that Officer Scholl failed to intervene in order to prevent the use of the excessive force by other officers.

In order for Stanley to establish that Officer Scholl used excessive force, or failed to intervene when he saw other officers using alleged excessive force, he must prove both the following by a preponderance of the evidence:

First, that Officer Scholl intentionally committed certain acts.

Second, that those acts violated Stanley's Fourth Amendment right not be subjected to excessive force.

The next claim, this one by Luckelson Frederique, is that Detective Rosario used excessive force while Luckelson was being arrested.

In order to for Luckelson to establish that Detective Rosario used excessive force, Luckelson must prove both the following by a preponderance of the evidence:

First, that Detective Rosario intentionally committed certain acts.

Second, that those acts violated Luckelson's Fourth Amendment right not be subjected to excessive force.

<u>Excessive Force</u>

The Fourth Amendment to the United States Constitution states that there shall be no unreasonable seizures.  An arrest is a seizure.  A police officer may use reasonable force in making

7

an arrest, but the Fourth Amendment prohibits the use of unreasonable force. Therefore, a person has a constitutional right under the Fourth Amendment to be gree of excessive force when arrested.

In Stanley's case, he claims that in the course of being arrested, the officers employed excessive force in that he was thrown against a fence and punched in the back. The defendants deny that any officer threw Stanley against a fence of punched him.

In Luckelson's case, he claims that Detective Rosario and other officers, who are not defendants in this case, employed excessive force in restraining him and placing handcuffs on him, including his claims that Detective Rosario pounded his face with his feet, and that he was kicked and punched in this face, head, legs arms, back and shoulder, which has been previously dislocated in a fight with his brother's girlfriend, Jasmine Johnson. Detective Rosario denies that he kicked, punched or struck Luckelson in the course of placing Luckelson into custody along with other officers, who are not defendants in this case.

Every person has the right not to be subjected to unreasonable or excessive force while being arrested by a low enforcement officer, even though the arrest itself is otherwise in accordance with the law. On the other hand, in making a lawful arrest police officers have the right to use such force as is necessary under the circumstances to effect the arrest, and at the same time to protect themselves or others from physical harm. Whether or not the force used in making an arrest was reasonable is an issue to be determined by you, on the basis of that degree of force a reasonable and prudent officer would have applied in effecting the arrest, under the circumstances in this case.

In a case such as this, where the parties' factual contentions are disputed, you must determine what actually occurred, and how much force was used. The mere fact that the evidence in this case establishes that there was some forcible contact between plaintiffs and the defendants

8

would not be sufficient by itself to demonstrate that the defendants violated the plaintiffs' constitutional rights. On the other hand, you may find that, under the circumstances, if you so find, constituted unreasonable and excessive force that would render the defendants liable.

The question before you is whether the actions of the defendant police officers on April 8, 2010 were objectively reasonable, meaning what a reasonably prudent police officer would have done under similar conditions in light of the facts and circumstances confronting the officer. You are to make this determination without regard to the police officers' underlying subjective intent or motivation. That means that "evil intentions" will not be considered excessive force if the force used was in fact reasonable. On the other hand, an officer's good intentions will not make the use of excessive force constitutional. The reasonableness of a particular use of force must be judged from the perspective of a reasonable police officer on the scene, rather than with the 20/20 vision of hindsight. In determining whether the force exercised was reasonable, you should consider the facts and circumstances as you find them to be, including the severity of the offenses at issue, whether the plaintiff posed an immediate threat to the safety of the police officers or others, and whether the plaintiff was actively resisting arrest at the time the alleged excessive force was applied.

The Constitution must not be trivialized. Not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make difficult split-second judgments in circumstances that are sometimes tense, uncertain, dangerous, and rapidly evolving, about the amount of force that is necessary in a particular situation.

If you find that the defendants' use of force was reasonable, you must return a verdict for the defendants. If you find that the defendants' use of force was unreasonable, your verdict must be for the plaintiff. In that case you must then determine whether the plaintiff's alleged injuries were proximately caused by the defendants' use of excessive force.

## CAUSAL RELATIONSHIP BETWEEN BREACH OF DUTY AND INJURY

Plaintiff must prove that the Defendants' acts were a proximate cause of, or causally related to, the injuries sustained by Plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of the defendant and any injury or damages sustained by the Plaintiff. An act or omission is a proximate cause if it was a reasonably foreseeable consequence of the defendant's act or omission. If an injury was a direct result of a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being the cause of the injury, then the act or omission is a proximate cause.

## PROXIMATE CAUSE

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of a defendant. If you find that the injury about which plaintiff complains would have occurred or existed even in the absence of defendant's conduct, you must find that such defendant did not proximately cause the plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury or damage. Many factors, or the conduct

10

of two or more people, may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable to a plaintiff if the defendant's conduct was not the proximate cause of the injury claimed by plaintiff, or the claimed injury was caused by a new or independent source which intervenes between a defendant's acts, or omissions, and which produces a result which was not reasonably foreseeable by the defendant.

In sum, if you find that plaintiff Luckelson has established, by a preponderance of the evidence, that the defendants used excessive force in placing him under arrest, the plaintiff is entitled to recover from that defendant for the injuries and damages caused by the excessive force.

However, if you find that the plaintiff has failed to establish, by a preponderance of the evidence, either the defendants used excessive force in effecting the arrest, or that the excessive force caused plaintiff's injuries, then your verdict will be in favor of the defendants.

Here, you will be presented with separate claims of excessive force, first, by Stanley with respect to Officer Scholl, and second, the separate claim of excessive force by Luckelson with respect to Detective Rosario. Each arrest occurred at different times, and at different locations. I instruct you to consider the claims of Stanley separately and apart from the claims of Luckelson, and to make your determinations independently, distinguishing Stanley's claim from Luckelson's claim.

Failure to Intervene

Stanley Frederique contends that Officer Scholl was present when he was allegedly subjected to excessive use of force by other officers, and that he, Officer Scholl, made no effort to stop the unlawful force. All law enforcement officials have an affirmative duty to intervene to protect the Constitutional rights of citizens from infringement by other law enforcement officials in their presence. In instruct you that an office who fails to intercede is liable for the preventable harm caused by the actions of another officer if that officer either observes or has reasons to know that excessive force is being used. However, before an officer can be held liable for failure to intervene, you must find that the officer had a realistic opportunity to prevent the harm from occurring, that is, that he had sufficient time to intercede and a capability to prevent the harm.

Thus, before you can hold Officer Scholl liable, you must conclude that the following elements have been met:

First, that other officers, who are not defendants in this case, subjected Stanley to the use of excessive force.

Second, that Officer Scholl observed those actions and knew they were unlawful.

Third, that Officer Scholl had a realistic opportunity to intervene, as I have just described that phrase; and

Fourth, that Officer Scholl failed to take reasonable steps to prevent the violations of Stanley's constitutional rights.

If you find that Stanley has met all of these four elements, then you must find Officer Scholl liable for any injuries that you conclude were a proximate result of the excessive force.

12

<u>Malicious Prosecution</u>

The next claim, this one by Luckelson, is a claim against Nassau County that he should not have been arrested for assaulting another police officer named Kerry Harracksingh, who is not a defendant in this case, in the course of Luckelson being arrested.  This is a claim of malicious prosecution.  Malicious prosecution is defined by the law as the wrongful setting in motion of the judicial process against another person so as to subject him to an unjustifiable criminal prosecution.

In order for Luckelson to establish a claim against Nassau County for malicious prosecution, he must prove the following four elements by a preponderance of the evidence:

First, that Officer Harracksingh initiated a criminal proceeding against Luckelson.

Second, that the criminal proceeding terminated in Luckelson's favor.

Third, that there was no probable cause for the commencement of the criminal proceeding.

Fourth, that the criminal proceeding was instituted with malice.

Here, first, there is no question that Officer Harracksingh initiated a criminal proceeding against Luckelson by filing the criminal charge Luckelson assaulting a police officer, that is, Officer Harracksingh himself, based on Luckelson's resisting arrest in the basement, and causing Officer Harracksingh to suffer a torn meniscus in his right knee.  Second, there is no question that the criminal proceeding terminated in Luckelson's favor, that is, the District Attorney withdrew the charge of assault.  Therefore, the first two elements have been met.

Turning to the third element, you must determine whether there was probable cause for Officer Harracksingh to commence the criminal proceeding against Luckelson.  What does the law mean by "probable cause?"  Probable cause is not proof beyond a reasonable doubt or proof sufficient to convict. Neither, however, is it mere speculation or surmise. Probable cause exists when the facts and circumstances within the knowledge of the police officer at the time of the

13

arrest was made were sufficient to warrant a person of reasonable prudence to believe that an offense or a crime was being committed, or had been committed by the person arrested. Probable cause is determined by assessing the totality of the circumstances, which entails consideration of those facts available to the officer at the time of the arrest and immediately before it.[3] A finding of probable cause requires only a probability or a substantial chance of criminal activity, not an actual showing of such activity.[4]

An officer who has probable cause to arrest need not explore and eliminate every theoretically plausible claim of innocence prior to making an arrest.[5] An officer's failure to investigate an arrestee's protestations of innocence generally does not negate probable cause.[6] Probable cause can exist even where an arrest is based upon mistaken information, so long as the arresting officer acted reasonably and in good faith and relied on that information.[7] In addition, I instruct you that the fact that the criminal charges were all ultimately dismissed is not evidence that Officer Harracksingh lacked probable cause at the time he arrested Luckelson for assaulting him.

Luckelson has the burden of establishing by a preponderance of the evidence that he was arrested *without* probable cause. I instruct you that so long as Officer Harracksingh had probable cause to arrest Luckelson for assaulting him, then Luckelson was not maliciously prosecuted, and

---

[3] *See Maron v. County of Albany,* 166 Fed. Appx. 540, (2d Cir. 2006) (*quoting Lowth v. Cheektowaga*, 82 F.3d 563, 569 (2d Cir. 1996).
[4] *See New York v. P.J. Video*, 475 U.S. 868, 877-78 (1986) (*quoting Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983))
[5] *Panetta v. Crowley*, 460 F.3d 388, 396 (2d Cir. 2006) (citations and quotations omitted)
[6] Section 1983 Litigation, Jury Instructions, Second Edition, Aspen Publishers, 2009 § 8.01.
[7] *Nelson v. Hernandez*, 524 F. Supp. 2d 212, 221 (E.D.N.Y. 2007); see also Rizzo v. Edison, 172 Edison Fed. Appx. 391, 393 (2d Cir. 2006) (citation and quotation omitted).

14

your verdict must be in favor of the defendant Nassau County on his Section 1983 claim for malicious prosecution.

Malice

We now turn to the fourth and final element of malicious prosecution, that the criminal proceeding was commenced by reason of actual malice.

A prosecution is initiated *maliciously* if it is initiated for a purpose other than bringing an offender to justice; for some ulterior purpose other than to secure punishment for a violation of crime, out of personal ill will; or in reckless disregard of the rights of the person accused. Reckless disregard of the rights of the person accused means initiating the prosecution without any reasonable ground for belief that he has actually committed the offense or crimes.

If you find that Officer Harracksingh did not have probable cause for believing that Luckelson committed the offense and crimes of assault at the time of the initiation of the prosecution, you may, though you are not required to, infer from that fact that Officer Harracksingh acted maliciously. If you find that Officer Harracksingh did not act maliciously, your verdict must be in favor of defendant Nassau County on the malicious prosecution claim, even though you find that he did not have probable cause to believe that Luckelson had committed the crime charged, that is, assault. Only if you find that Luckelson has proved (1) that Officer Harracksingh did not have probable cause to charge Luckelson with assault, and (2) that Officer Harracksingh acted with malice, will your verdict be in favor of Luckelson against Nassau County on Luckelson's Section 1983 malicious prosecution cause of action.[8] Otherwise, your verdict will be in favor of Nassau County.

---

[8] Adopted from *Levin v. Armstrong*, No. 94-CV-4260, _____ (E.D.N.Y. 1993) (Spatt, J.).

## CLAIMS FOR DAMAGES

If Plaintiff has proven his claims against the Defendants by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I have given instructions about damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Defendants are liable on the specific claims presented. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants are liable and that Plaintiff is entitled to recover money from Defendants.[9]

In determining the amount of any damages, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages by way of punishment or through sympathy.  You must not engage in speculation, conjecture or guess work.  On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.[10]

---

[9] McNamara et al., §1:1200

[10] McNamara et al., §1:1200

16

## NOMINAL DAMAGES

If you have found Defendants liable to the Plaintiff, but find that his damages have no monetary value, you may award him nominal or token damages such as One Dollar ($1.00) or some other minimal amount. [11]

## COMPENSATORY DAMAGES

If you find that one or more of the Defendants is liable to the Plaintiff under 42 U.S.C. § 1983, Plaintiff is entitled to recover damages in an amount which will reasonably compensate him for the loss and injury suffered as a result of the Defendants' unlawful conduct. You may award the Plaintiff reasonable compensation for the following:

1. Pain, suffering, and physical or emotional distress;

2. Embarrassment and humiliation;

3. Loss of enjoyment of life; that is, Plaintiff's loss of the ability to enjoy certain aspects of his life as a result of Defendants' discriminatory actions; and

4. Any out-of-pocket expenses or losses incurred as a result of the unlawful discrimination.[12]

---

[11] McNamara et al., §1:1242

[12] "[W]hen § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts." *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 306 (1986); *see also Allah v. Al Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000) ("It is well settled that compensatory damages under §1983 are governed by general tort-law compensation theory.").

You may consider the testimony and the demeanor of Plaintiff when considering and determining a fair allowance for any damages for emotional distress, humiliation, and loss of enjoyment of life. Emotional harm may manifest itself, for example, as sleeplessness, anxiety, stress, depression, marital strain, embarrassment, humiliation, loss of respect, emotional distress, loss of self-esteem, or excessive fatigue. Physical manifestations of emotional harm may also occur, such as ulcers, headaches, gastrointestinal disorders, or hair loss.

In the determination of the amount of the award, it will often be impossible for you to arrive at a precise award. These damages are intangible, and it is difficult to arrive at a precise evaluation of actual damage for emotional harm from violations of civil rights. No opinion of any witness is required as to the amount of such reasonable compensation. Nonetheless, it is necessary to arrive at a reasonable award that is supported by the evidence.[13]

## **PUNITIVE DAMAGES**

If you find that Defendants are liable for Plaintiff's injuries, you must award Plaintiff the compensatory damages that he has proven. You also may award punitive damages, if Plaintiff has proven that any of the individually named Defendants acted with malice or willfulness or with callous and reckless indifference to the rights of others. One acts willfully or with reckless indifference to the rights of others when he or she acts in disregard about which he or she knows or which would be apparent to a reasonable person under the circumstances.

---

[13] McNamara et al., §1:1230

18

If you determine that any of the individually named Defendants' conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages.  In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish the individual Defendants for shocking conduct, and to deter Defendants and others from engaging in similar conduct in the future. The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages.  The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. However, the amount can be as large as you believe necessary to fulfill the purposes of punitive damages. You may consider the financial resources of a liable defendant in fixing the amount of punitive damages.[14]

Under 42 U.S.C. §1983 and N.Y. Exec. Law § 290, punitive damages cannot be awarded against Defendant County of Nassau.[15]

Dated:  Mineola, New York
      August 30, 2017

**CARNELL T. FOSKEY**
Nassau County Attorney
Attorney for Defendants

By: /s/  Ralph J. Reissman
    Deputy County Attorney

By:  /s/ David McAndrews
     Deputy County Attorney
1 West Street,  Mineola, NY 11552
(516) 571-3046

---

[14] McNamara et al., §1:1320.

[15] *Krohn v. N.Y. City Police Dep't*, 372 F.3d 83 (2d Cir. 2004)

19